**SO ORDERED.**

**DONE and SIGNED May 14, 2015.**



_____
**JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Lou Ford Adkins | § | Case Number: 14-12611 |
| | § | |
| Debtor | § | Chapter 13 |

### MEMORANDUM ORDER DENYING CONFIRMATION OF DEBTOR'S AMENDED CHAPTER 13 PLAN

This matter is before the Court on the confirmation of the debtor's amended Chapter 13 plan (Docket No. 27), and the Chapter 13 Trustee's objection thereto (Docket No. 37). The Court held a hearing on this matter on May 13, 2015. For the following reasons, confirmation of the debtor's amended Chapter 13 plan is denied.

Chapter 13 plans occasionally propose debtors act as disbursing agents on long term debts made pursuant to 11 U.S.C. § 1322(b)(5). That section permits debtors to maintain payments with

1

respect to any claim on which the last payment is due after the last payment under the plan. Specifically § 1322(b)(5) provides as follows:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>
> (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

One often overlooked issue in plan provisions calling for direct payments of debt by the debtor is classification of claims. Paying some debts directly while others are paid via the Trustee constitutes separate classification which must be analyzed under the unfair discrimination standard in 11 U.S.C. § 1322(b)(1). Separate classification of a long-term claim under 11 USC § 1322(b)(5) may still constitute unfair discrimination. *See, e.g., In re Saulter*, 133 B.R. 148 (Bankr. W.D. Mo. 1991); *In re Bradley*, 109 B.R. 182 (Bankr. E.D. Va. 1990). However, the unfair discrimination test is generally only applied to unsecured claims, and the separate classification of some fully secured claims calling for direct payment by the debtor has been permitted. *See, e.g., In re Eason*, 181 B.R. 127, 135 (Bankr. N.D. Ala. 1995). However, many courts refuse to allow the separate classification of unsecured claims for direct payments by the debtor. *See, e.g., In re Gregg*, 179 B.R. 828, 830 (Bankr. E.D. Tex. 1995); *In re Tatum*, 1 B.R. 445 (Bankr. S.D. Ohio 1979); *In re Blevins*, 1 B.R. 442 (Bankr. S.D. Ohio 1979); *In re Case,* 11 B.R. 843 (Bankr. D. Utah 1981); *In re Dziedzic*, 9 B.R. 424 (Bankr. S.D. Tex. 1981).

In this case, the debtor has proposed direct payments on a long-term debt to creditor Crescent Bank and Trust on a 2013 Dodge Charger. He proposes this treatment pursuant to 11 U.S.C. § 1322(b)(5). The vehicle was financed on February 12, 2014, for $21,364.10, with an annual percentage rate of 20.50%. The total finance charge will be $15,927.58, with total payments equaling $37,291.68. The scheduled monthly car payment of $517.94 began March 14,

2014, and ends February 14, 2020, a term of 72 months. The debtor's Chapter 13 case was filed on October 29, 2014, and the proposed term of the plan is 54 months. The debtor is a below median income debtor; therefore, the applicable commitment period is 36 months and the debtor may propose a 54 month plan. The last Chapter 13 plan payment is due April 29, 2019, with the last car payment due ten months later. The Chapter 13 Trustee has objected to this direct payment, and the parties have stipulated that the proposed plan is confirmable if the long-term debt treatment is found permissible under 11 U.S.C. § 1322. Otherwise, the plan is not confirmable.

The creditor's claim against the 2013 Dodge Charger is what is commonly called a "910 car claim." So called because of the dangling, unnumbered and unlettered sentence at the end of 11 U.S.C. § 1325(a), which states as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

Most courts have concluded that a claim falling within this hanging sentence becomes a secured claim for the entire amount of the allowed claim; therefore, as it is a fully secured claim, it can be modified pursuant to § 1322(b)(2). However, the claim cannot be bifurcated or "crammed down" to the value of the collateral, and the entire allowed claim must be paid in full with present value interest at the rate specified by the Supreme Court in *Till v. SCS Credit Corp*, 541 U.S. 465 (2004). *See In re Riley*, 428 B.R. 757 (Bankr. N.D. Ohio 2010); *In re Taylor*, 2006 WL 6544092 (Bankr. N.D. Tex. 2006); *In re Staten*, 2006 WL 4458705 (Bankr. M.D.N.C. 2006).

As described in a leading Chapter 13 treatise:

> …a strong majority of courts addressing the issue has interpreted the hanging sentence at the end of § 1325(a) to work some alchemy with the result that the

"allowed secured claim" for § 1325(a)(5) purposes becomes the entire…debt of the car lender. This construction of the hanging sentence produces a classification question: is there an unsecured claim buried in the 910-day PMSI car debt that must be treated under § 1325(a)(5) as if it is a fully secured claim?

If the hanging sentence is construed to have this effect, it creates a classification of unsecured claims that is provided (very) favorable treatment—the unsecured portion of the undersecured car claim…is paid in full with postpetition interest. There is nothing in the new hanging sentence to except this classification from the unfair discrimination test in § 1322(b)(1). Separate classification of the unsecured portion of an undersecured claim for payment in full with postpetition interest may be unfair discrimination in any Chapter 13 plan that does not pay all unsecured claims in full with postpetition interest. Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION, § 462.1, at ¶¶ 5-6, Sec. Rev. July 13, 2007, www.Ch13online.com.

It is this "very favorable treatment" that is troubling to this Court. The creditor filed a fully secured proof of claim (Debtor Exhibit 3) in the amount of $21,340.26. The proof of claim discloses the value of property securing the claim is $18,500.00. So, ignoring the provisions of the previously discussed hanging sentence, the claim would otherwise be partially secured in the amount of $18,500.00, and partially unsecured in the amount of $2,840.26 pursuant to 11 U.S.C. § 506.

However, and importantly, there are other issues troubling to the Court. An interest rate of 20.5%, with a total finance charge of $15,927.58 over the life of the loan, is clearly excessive. This is especially true here, as this involves a "910 car claim" and the *Till* rate of interest is appropriate. For example, in this case the debtor financed a 2013 Dodge Charger for $21,364.17 with a 20.5% interest rate over 72 months. This results in a monthly payment of $512.94, and car payments over the life of the loan totaling $37,391.68. Using a presumed *Till* interest rate of 5.25%, which is two points over the Wall Street Journal Prime Rate as of the filing date of the case, results in a monthly payment of $346.55 over 72 months, with payments totaling $24,951.71. This represents interest savings over the term of the loan of $12,439.97, and a monthly payment

savings of $166.39. These are substantial savings for the debtor, and potentially the debtor's unsecured creditors. Additionally, Crescent Bank and Trust's claim amortized over a 60 month Chapter 13 plan at *Till* interest results in a payment of only $405.16 per month. This represents a savings of $107.78 per month for the debtor, and a total payment on the creditor's claim of only $24,309.60. If the Court compares this calculation to the debtor's proposed plan, again there is a substantial savings to the debtor and a potentially greater payout to unsecured creditors. The debtor's proposed plan calling for the maintenance of automobile payments as a long term debt pursuant to 11 U.S.C. § 1322(b)(5). It requires 54 contractual payments during the term of the proposed plan, with a contractual monthly payment of $512.94. Once the plan is complete, the debtor will have an additional ten monthly contractual payments of $512.94 in order to satisfy the creditor's claim. This requires the debtor pay a total of $32,828.16. If the debtor paid this claim over a 60 month Chapter 13 plan with a Till rate of interest, the total payout would be $24,309.60. The Court reiterates this would represent a substantial savings for the debtor and potentially the debtor's unsecured creditors. Therefore, this Court joins the majority of other courts in holding that a *Till* rate of interest is appropriate for a "910 car claim." Additionally, the Court holds that when a debtor's Chapter 13 plan proposes long-term treatment of a "910 car claim" under § 1322(b)(5) at an interest rate resulting in the creditor receiving more interest than they would receive using a *Till* rate, then a *Till* interest rate is mandatory.

This Court further holds that any payment of a "910 car claim" as a long-term debt under 11 U.S.C. § 1322(b)(5) with a non-*Till* rate, where the unsecured creditors suffer the burden of this higher interest rate, is a separate classification of the unsecured portion of the long-term debt, if any exists. Therefore, the payment of the debt as long-term under 11 U.S.C. § 1322(b)(5) is unfair

discrimination against other unsecured claims that are not being fully paid through the Chapter 13 plan.

The hanging sentence at the end of § 1325(a) should be interpreted to have the same effect on "910 car claims" that are under-secured as it does on debts incurred within a year of the Chapter 13 petition that are under-secured by any other thing of value. Fully secured treatment for such claims with interest rates higher than *Till* interest is unfair discrimination against other unsecured creditors whenever the car or other collateral is worth less than the debt and general unsecured creditors are not being paid in full.

**ACCORDINGLY, IT IS ORDERED** that confirmation of the debtor's Chapter 13 plan is denied.

**IT IS FURTHER ORDERED** that the debtor file an amended plan within fourteen (14) days of the entry of this order, or the Chapter 13 Trustee may upload an *ex parte* order of dismissal.

###